**Rolly PULASKI, on behalf of herself and all others similarly situated; et al., Plaintiffs—Appellants,**

v.

**Mike CHRISMAN, as Secretary of the State of California Resources Agency; et al., Defendants—Appellees.**

No. 05–55187.

D.C. No. CV–04–01320–DOC.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 11, 2005.

Steven B. Imhoof, Hewitt & O'Neil, Irvine, CA, for Plaintiffs–Appellants.

Gary E. Tavetian, Hayley Elizabeth Peterson, California Attorney Generals Office, Los Angeles, CA, for Defendants–Appellees.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

MEMORANDUM**

Rolly Pulaski, Gloria Munroe, Raymond Acosta, Jeanette Miller, and the El Morro Community Association, Inc., (collectively "the residents") appeal the district court's order denying their motion for a prelimi-nary injunction against Mike Chrisman, as Secretary of the State of California Resources Agency, and Ruth Coleman, as Director of the State of California Department of Parks and Recreation (jointly "Dep't of P&R"). The residents sought to enjoin the Dep't of P&R from enforcing the removal of the mobile homes at El Morro Village ("El Morro"), which is located on about 30 acres within the boundaries of the Crystal Cove State Park, in the first phase of a project to convert the El Morro into a public park with day use and overnight camping facilities. The residents seek injunctive relief under the "citizen suit" provision of the Endangered Species Act, 16 U.S.C. § 1540(g)(1)(A), claiming that removal of the mobile homes would likely result in a "take" of several federally protected threatened and endangered species. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Our review of an order denying a preliminary injunction is limited and deferential. *Southwest Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir.2003) (en banc). The district court did not abuse its discretion in denying injunctive relief because the residents failed to show that a violation of the ESA is likely to occur in connection with the removal of the mobile homes. *See National Wildlife Federation v. Burlington N. R.R., Inc.,* 23 F.3d 1508, 1512–13 (9th Cir.1994) (concluding that injunctive relief was not warranted under the ESA because there was no reasonable likelihood of future harm to grizzly bears).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.